TUCKER, Judge.
Plaintiff Jesse W. Davis possessed as owner the immovable property described below which he had acquired by credit sale from Mrs. Hope B. Reid, passed before Arthur W. Macy, Notary Public, on January 31, 1957, and recorded in the Conveyance Records of the Parish of Tangipahoa, State of Louisiana, at C.O.B. 223, page 128. Plaintiff alleged possession of the property quietly and without interruption for more than one year immediately prior to September 1, 1971, when defendant School Board disturbed plaintiff in his possession of his property by the construction of a cyclone fence across his property, encroaching upon his land on the north side approximately nineteen (19) feet at one point on the western boundary and twenty-one and a half (21.5) feet on the eastern boundary. Less than one year after the disturbance plaintiff sued to be maintained in and restored to the peaceable possession of his property described more particularly as follows:
“A certain piece or parcel of land located in the City of Hammond, Parish of Tangipahoa, State of Louisiana, and being more particularly described as follows: Begin at a point which is the intersection of the North Quarter Section line of the Northeast Quarter of the Southeast Quarter of Section Twenty-six (26), Township Six (6) South, Range Seven (7) East and the eastern margin of Jackson Road, thence proceed South 530 feet to point of beginning; thence proceed South 398.5 feet; thence proceed East 297 feet; thence proceed North 0 deg. 10 min. West 398.5 feet; thence proceed West 293 feet to the point of beginning. As per survey of A. J. Zab-bia, Civil Engineer, dated September 30, 1971.”
Plaintiff sued for damages also and for removal of the fence. Defendant Tangi-pahoa Parish School Board answered the suit, converting it into a petitory action as demanded by plaintiff and as required of public bodies by Act 82 of the Louisiana Statutes of 1930. Defendant asserted ownership of certain immovable property described as follows:
“A certain piece or parcel of ground located in the City of Hammond, Tangi-pahoa Parish, Louisiana, fronting 530 feet on Jackson Road by a depth of 315 feet, more or less, between equal and parallel lines and being the North 530 feet of the following described property, to-wit: A certain parcel of land in the City of Hammond, Tangipahoa Parish, State of Louisiana described as being the North 7 acres off the West side of the Northeast 14 of the Southeast )4 of 26-6-7 being the same property acquired by Frank Aaron from Mrs. Annie Gen-nie Rudson by deed duly recorded in the Conveyance Records of this Parish and by the said Annie G.ennie Rudson from Citizens National Bank by Act recorded in COB 170, page 186.”
Defendant acquired its property in COB 210, page 383, on February 23, 1954. The common vendor of both plaintiff and defendant was the Succession of Columbus Reid, recorded in COB 209, page 549, and also J. Frank Aaron, COB 206, page 592.
Judgment was rendered in the trial court declaring plaintiff to be the owner of the property as claimed by him, and ordering defendant to remove the fence erected by it *810 on plaintiff’s property. Defendant has appealed from this judgment reurging its original counter claim to the disputed twenty foot strip of land. The real dispute seemed to center in the fact that surveyors of the respective parties were unable to agree on a starting point for the survey.
Three surveyors testified as expert witnesses in this case. One of them, William Tycer, did not complete his survey and apparently appeared only for the purpose of attesting to the correctness of the method used by Mr. Ansil Bickford, the surveyor appearing on behalf of defendant School Board. Mr. Bickford is a Registered Land Surveyor with five years’ experience and no formal education in Civil Engineering. Plaintiff’s witness, A. J. Zabbia, on the other hand, not only has a degree in Civil Engineering which he received from Louisiana State University, but also has been engaged in the engineering profession for thirty-five to forty years in the Hammond-Ponchatoula, Louisiana, area. Although he gave no oral or written reasons for judgment, it is obvious that the trial judge relied upon the survey and testimony of Mr. Zabbia in arriving at his decision. We are equally convinced by Mr. Zabbia’s testimony and survey. It is only in Mr. Zabbia’s survey that the descriptions of all of the transactions involving the disputed property can be accommodated.
In adopting the center point for his survey Mr. Bickford used certain “field notes,” which were never properly identified or submitted into evidence. He went to a point on the south section line of Section twenty-six (26), which point would have been the southwest corner of the said Section 26. He then measured north a distance of 1,328.9 feet, said distance representing what he considered to be the quarter-quarter corner. He proceeded an additional 1,328.9 feet to establish what he considered to be the one-quarter section line. He then proceeded in an easterly direction the required amount to the point which he considered to be the northwest corner of the School Board property. Although he measured the required footage for his client, 'defendant School Board, Mr. Bickford gave no consideration to the remainder of the seven acre tract which was sold to plaintiff by the Succession of Columbus Reid. Nor did Mr. Bickford survey the property with reference to the description in the sale from Mr. Aaron to Mr. Reid, the ancester in title of both parties, to determine whether or not the full seven acres called for in the ancestral title actually existed. In support of the Bick-ford survey, plaintiff introduced into evidence a map made by C. M. Moore, in 1911, showing the same center line.
When Mr. Zabbia made his survey in 1962 for plaintiff, he used a survey prepared by Mr. Moore, also, but this one had been made February 17, 1959, and showed the quarter section line of Section 26 as being on the north line of Florida Street. Mr. Zabbia testified that this was the true and correct one quarter section line. Evidently the trial court accepted this, believing that Mr. Moore had corrected his earlier survey made in 1911.
In making his survey Mr. Zabbia testified that he used the descriptions in the sale from Aaron to Reid and also the descriptions in the sales from the Reids to defendant School Board and also to plaintiff Davis. He established the center line of Section twenty-six and proceeded from there easterly the required distance. This established the one-quarter section line for the southeast quarter of section twenty-six, in which the disputed property is located. The said one-quarter section line thereby established corresponded with the north line of Florida Street. Both Mr. Zabbia and Mr. Moore have used this same point as the center section line of Section 26 on many occasions, according to the testimony of Mr. Zabbia.
In his original survey of 1962 Mr. Zabbia testified that, relying upon the description used in the sale from Aaron to Reid and from the Reids to the parties of this suit, he surveyed the entire seven acres as specified in all descriptions. After doing so he *811 returned to the one-quarter section line, which would have been the northern boundary of the School Board property acquired by Reid from Aaron, traveled southerly along the right-of-way of Jackson Road a distance of 530 feet, as described in the sale from the Reids to the School Board. In the process of this survey he discovered the original stakes on the south boundary of the property owned by plaintiff, which were in place when he made the survey in 1962. This Davis south boundary conformed exactly with the south boundary of the seven acres as described in the sale from Aaron to Reid.
From the point 530 feet south of the center line of section 26, as established by Mr. Zabbia, he then proceeded 398.5 feet, the distance specified in the act of sale to< plaintiff, and at that point found the original stakes placed by an earlier surveyor. He then measured east a distance of 297 feet and found an existing corner at that point. In using the one-quarter section line as determined by Mr. Zabbia, he -found the total area of both properties to be seven acres, as specified in the original sale from Aaron to Reid. This survey of Mr. Zabbia’s also substantiated the 530 feet frontage on Jackson Road of the School Board as provided for in its sale from the Reids, as well as the 398.5 feet as provided in the sale from the Reids to plaintiff, Mr. Davis. Mr. Bickford’s survey provided his client the School Board its 530 feet, but plaintiff did not receive his full 398.5 feet.
We also note that Mr. Zabbia found the old fence in his original survey which plaintiff had placed, according to his testimony, about 1961, and from that point to the south boundary of the Davis property was 398.5 feet.
In the original sale from Mr. Aaron to Mr. Reid the property was clearly stated to contain seven acres. It is apparent to us now that the frontage of 1,020 feet on Jackson Road was incorrect. Subsequent to the sale from Aaron to Reid, when additional transactions had been decided upon, a survey was made, in which it was found that the actual frontage on Jackson Road was 928.5 feet instead of the 1,020 feet. The surveyor then placed the corners on the south boundary of the entire property in question and surveyed the portion to be sold to defendant School Board, which was 530 feet frontage on Jackson Road. The old corners were found by Mr. Zabbia when he made his survey in 1962 and were still present when the property was resurveyed in 1971. Following the sale to defendant School Board the Reids sold the remaining property to plaintiff and described his property as having 398.5 frontage. To reiterate it is only by use of Mr. Zabbia’s survey that both of these sales as described in the respective transactions can be accommodated. We find no manifest error by the trial judge in adhering to Mr. Zabbia’s survey and rejecting defendant School Board’s counterclaims as unproven.
For the foregoing reasons the judgment of the trial court will be affirmed at defendant’s cost.
Affirmed.